**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| D.P., | : | |
| | : | |
| Petitioner, | : | CASE NO. 7:21-CV-6-MSH |
| | : | 28 U.S.C. § 2241 |
| v. | : | |
| | : | |
| THOMAS GILES, | : | |
| | : | |
| Respondent. | : | |

_____

## <u>ORDER</u>

Pending before the Court is Petitioner's petition and amended petition for habeas corpus relief and Respondent's second motion to dismiss (ECF Nos. 1, 5, 33).[1]  On July 22, 2021, Respondent notified the Court that Petitioner had been removed from the United States, and submitted, as evidence, an I-205 Warrant of Removal/Deportation showing that Petitioner was removed from the United States on July 14, 2021.  Resp't's Ex. A, at 2, ECF No. 33-1.  Due to Petitioner's removal, Respondent moves to dismiss his petition as moot. Resp't's 2d Mot. to Dismiss 1-2, ECF No. 33.

"Article III of the Constitution limits the jurisdiction of federal courts to the consideration of 'Cases' and 'Controversies.'"  *Soliman v. United States*, 296 F.3d 1237, 1242 (11th Cir. 2002) (per curiam) (citing U.S. Const. art. III, § 2 and finding appeal moot where petitioner was removed from the United States).  "The doctrine of mootness derives

_____

[1]  Both parties have consented to all proceedings being conducted by the United States Magistrate Judge (ECF Nos. 23, 28).

directly from the case or controversy limitation because an action that is moot cannot be characterized as an active case or controversy." *Id.* (internal quotation marks omitted). "[P]ut another way, a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Id.* (internal quotation marks omitted). "Therefore, 'if events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed.'" *Id.* (quoting *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) (per curiam)).

Here, Petitioner sought an order granting him a writ of habeas corpus and release from custody under an order of supervision.  Pet. 7, ECF No. 1; Am. Pet. 4, ECF No. 5. Petitioner has been removed from the country and, according to Respondent, is no longer in Respondent's custody.  Resp't's 2d Mot. to Dismiss 1-2; Resp't's Ex. A, at 2.  Because the Court can no longer give the Petitioner any meaningful relief, the case is moot and "dismissal is required because mootness is jurisdictional." *Al Najjar*, 273 F.3d at 1336.

Therefore, Respondent's second motion to dismiss (ECF No. 33) is **GRANTED** and Petitioner's petition and amended petition for habeas corpus relief (ECF Nos. 1, 5) are **DISMISSED AS MOOT**.[2]

---

[2] Also pending are Respondent's first motion to dismiss (ECF No. 7) and Petitioner's motions to seal documents (ECF No. 9), to strike (ECF No. 10), to take judicial notice (ECF No. 11), to issue subpoenas (ECF No. 12), to amend (ECF No. 16), to hold in abeyance (ECF Nos. 17), to file a sur-reply (ECF No. 18), to amend and hold in abeyance (ECF No. 21), to stay removal (ECF No. 22), and for a bail hearing (ECF No. 27).  Petitioner's motion to seal (ECF No. 9) is **GRANTED**, and access to the documents identified in his motion (ECF Nos. 7-2, 7-3, 7-7) shall be restricted to the parties and authorized court personnel.  His remaining motions are **DENIED AS MOOT**.  Further, to the extent Petitioner sought—through his motions to amend—to assert claims related to the conditions of his confinement, his motions are **DENIED** as futile. *See Vaz v. Skinner*, 634 F.

SO ORDERED, this  27th day of August, 2021.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

---

App'x 778, 781 (11th Cir. 2015) (per curiam) ( "§ 2241 is not the appropriate vehicle for . . . a claim challeng[ing] the conditions of confinement."); *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004) ("[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile.").  Respondent's first motion to dismiss (ECF No. 7) is **DENIED AS MOOT**.